RECORD NO. 12-4941

IN THE
# UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

V.

JUAN MEDINA-MARTINEZ,

                              Defendant-Appellant.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

**BRIEF OF APPELLANT**

Todd Hagins
The Hagins Law Firm, LLC
701 Gervais Street, Suite 150-116
Columbia, SC 29201
803.200.1060
todd@haginslaw.com

Counsel for Appellant

## TABLE OF CONTENTS

**JURISDICTIONAL STATEMENT** ..................................................................... 3

**STATEMENT OF ISSUE PRESENTED FOR REVIEW** .................................. 4

**STATEMENT OF THE CASE** ............................................................................ 5

**STATEMENT OF THE FACTS** ......................................................................... 6

**SUMMARY OF ARGUMENT** ......................................................................... 11

**ARGUMENT** ...................................................................................................... 11

> *THE DISTRICT COURT COMMITTED PLAIN ERROR IN FAILING TO FURTHER INQUIRE WHETHER THE GOVERNMENT'S STATEMENTS RENDERED MEDINA-MARTINEZ'S GUILTY PLEA INVOLUNTARY* ............ 11

**CONCLUSION STATING PRECISE RELIEF SOUGHT** ............................ 17

**REQUEST FOR ORAL ARGUMENT** ............................................................ 17

**CERTIFICATION OF COMPLANCE** ........................................................... 18

**CERTIFICATE OF SERVICE** ......................................................................... 19

# TABLE OF CASES, STATUTES AND AUTHORITIES

**Cases**

Bordenkircher v. Hayes 434 U.S. 357 (1978).................................................................. 13
Harmon v. Mohn, 683 F.2d 834 (4th Cir. 1982) ........................................................ 13, 14
United States v. Brewer, 1 F.3d 1430, 1434-35 (4th Cir. 1992) .............................. 12
United States v Cedelle, 89 F.3d 181, 184-85 (4th Cir. 1996)................................. 12
United States v. Damon, 191 F.3d 561 (4th Cir. 1999) ....................................... 14, 15
United States v. DeFusco, 949 F.2d 114, 119 (4th Cir. 1991)................................. 13
United States v. General, 278 F.3d 389, 394-95 (4th Cir. 2007) ............................ 12
United States v. Goins, 51 F.3d 400, 402-03 (4th Cir. 1995) .................................. 14
United States v. Hastings, 134 F.3d 235, 240 (4th Cir. 1998) ................................ 12
United States v. Martinez, 277 F.3d 517, 530-34 (4th Cir. 2002) .......................... 12
United States v. Morrow, 914 F.2d 608, 613 (4th Cir. 1990) ................................. 13
United States v. Padilla, 23 F.3d 1220, 1222 (7th Cir. 1994) ................................. 14
United States v. Vonn, 535 U.S. 55 ........................................................................ 12

**Statutes**

18 U.S.C. §922(g)(5)(A) .......................................................................................... 6
18 U.S.C. §924(c) ................................................................................................ 5, 6
21 U.S.C. §841(a)(1) ............................................................................................... 6
21 U.S.C. §841(b)(1)(B) ......................................................................................... 6
21 U.S.C. §846 ........................................................................................................ 6
21 U.S.C. §856(a)(1) ............................................................................................... 6
18 U.S.C. §3231 ...................................................................................................... 3
28 U.S.C. § 1291 ..................................................................................................... 3

**Rules**

Rule 11, F.R.Crim.P. ................................................................................... 11, 12, 15

## JURISDICTIONAL STATEMENT

The District Court had jurisdiction below because of the allegation of a violation of federal criminal law pursuant to 18 U.S.C. §3231. The District Court entered a final judgment on July 31, 2012. {J.A. at 31-35} Medina-Martinez filed a notice of appeal with the United States Court of Appeals for the Fourth Circuit on November 19, 2012. {J.A. at 8, 36-37} This Court has appellate jurisdiction under 28 U.S.C. § 1291.

## STATEMENT OF ISSUE PRESENTED FOR REVIEW

I. WHETHER THE DISTRICT COURT COMMITTED PLAIN ERROR IN ITS RULE 11 PLEA COLLOQUOY BY NOT ASCERTAINING IF MEDINA-MARTINEZ'S GUILTY PLEA WAS VOLUNTARY WHEN INFORMED OF CONVERSATIONS THE UNITED STATES HAD WITH THE DEFENDANT PRIOR TO THE CHANGE OF PLEA CONCERNING ADDITIONAL CHARGES IF HE WERE NOT TO PLEAD GUILTY.

## STATEMENT OF THE CASE

A federal grand jury filed a five-count Superseding Indictment against Juan Medina-Martinez ("Medina-Martinez") and other co-defendants on March 16, 2012 alleging violations of federal narcotics and firearms statutes. {J.A. at 3, 10-16}

Medina-Martinez signed a plea agreement to Counts 1 and 4 of the Superseding Indictment on January 30, 2012, which was filed on that same date. {J.A. at 17-28} Medina-Martinez formally entered his plea of guilty before The Honorable Margaret B. Seymour, United States District Court Judge on February 2, 2012. {J.A. at 7}

The District Court held a sentencing hearing on July 30, 2012, wherein Medina-Martinez withdrew all previous objections to the Pre-Sentence Report. {J.A. at 7, 30, 92-95} The District Court, upon motion of Medina-Martinez, and consent of the United States, granted a variance and sentenced him to total of 204 months, consisting of 144 months as to the conspiracy, and 60 consecutive months as to the violation of §924(c). {J.A. at 29, 32, 92-101}

The District Court filed a judgment on July 31, 2012. {J.A. at 31-35} Medina-Martinez filed a notice of appeal with the United States Court of Appeals for the Fourth Circuit on November 19, 2012. {J.A. at 8, 36-37}

## STATEMENT OF THE FACTS

A federal grand jury filed a five-count Superseding Indictment against Juan Medina-Martinez ("Medina-Martinez") and other co-defendants on March 16, 2012, alleging violations of federal narcotics and firearms statutes. {J.A. at 3, 10-16} The Indictment charged Medina-Martinez with participating in a criminal conspiracy to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. §846; possessing with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §841(a)(1) and §841(b)(1)(B); being an illegal alien in possession of multiple firearms, in violation of 18 U.S.C. §922(g)(5)(A); possessing a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. §924(c); and maintaining a place in furtherance of storing, distributing, and using a controlled substance in violation of 21 U.S.C. §856(a)(1). {J.A. at 10-12}

Medina-Martinez and the Government signed a plea agreement on January 30, 2012. {J.A. at 17-28} The parties agreed to permit Medina-Martinez to plead guilty to Counts 1 and 4 of the Superseding Indictment. {J.A. at 17} Count 1 alleged Medina-Martinez's participation in a conspiracy to distribute 5 kilograms or more of cocaine in violation of 21 U.S.C. §846. {J.A. at 17} Count 4 alleged Medina-Martinez possessed a firearm in furtherance of the drug conspiracy under 18 U.S.C. §924(c). {J.A. at 18-19}

Medina-Martinez appeared before The Honorable Margaret B. Seymour, Chief Judge for the District of South Carolina on February 2, 2012, to formally change his plea based upon the agreement. {J.A. 38-91} The change of plea involved multiple defendants from unrelated cases during the initial phase of the hearing. After conducting questioning applicable as to each defendant, Judge Seymour directed the change of plea colloquy specifically to Medina-Martinez.

Judge Seymour specifically asked questions to determine: 1) whether Medina-Martinez understood what he was charged with violating; 2) what the Government would have to prove at trial; and 3) the penalties Medina-Martinez faced by pleading guilty. {J.A. at 74-77}

Judge Seymour thereupon directed the Government to summarize the terms of the plea agreement. {J.A. at 77-80} Upon reviewing such terms as a recitation of the counts that Medina-Martinez was pleading guilty to, the Government's obligations under the plea agreement, and the possibility of receiving a reduction in his sentence based on his cooperation with law enforcement, the Government noted certain rights Medina-Martinez agreed to relinquish. {J.A. at 80-81}

In addressing the appellate waiver language in the plea agreement the Government stated:

> In paragraph 15 there is an appellate waiver. He agrees to waive his right of direct appeal if he receives a sentence of less than life imprisonment, and he waives his right to file a 2255 to the fullest extent permitted by Fourth Circuit law; that is, excepting legitimate

7

>claims of ineffective assistance of counsel or prosecutorial misconduct.
>
>I know how Your Honor feels about appellate waivers. I know one of the things Your Honor wants to know is, what is he getting in order to give up his appellate rights. One of the firearms in this case is a type of firearm that if the Government chose to charge it a particular way would result in a conviction, in a 30-year mandatory minimum consecutive sentence. I have agreed not to charge that Count in that fashion in return for this agreement.
>
>So under this agreement, he faces a 15-year mandatory minimum. If I were to charge it the other way and he were convicted, and he were convicted of Count 1, he would face a 40-year mandatory minimum. So I believe that is a significant benefit conferred upon him to justify an appellate waiver in this case.

{J.A. at 80-81}.

Following the Government's summation, the Court asked Medina-Martinez three questions: 1) "do you agree with the summary provided of this agreement"; 2) "do you understand the terms of this plea agreement"; 3) "[d]o you have any questions about this agreement". Medina-Martinez answered "Yes" to the first two questions and "No" to the final question. {J.A. at 81}

The Court did not specifically address the appellate waiver language with Medina-Martinez nor ask his counsel whether the defendant knew and understood that term of the agreement. Nor did the Court seek further clarification whether the possibility of additional criminal charges rendered his plea involuntary.

The Court inquired whether "anyone threatened you or used force to get you to plead guilty. . ." or "used any pressure or intimidation to cause you to plead

8

guilty?" Upon Medina-Martinez saying no, the Government placed upon the record the following statement:

> Yes, your Honor. I do want to say for the purposes of the record that, you know, I had a full, frank discussion with Mr. Medina-Martinez about the consequences of his choosing to go to trial, and I told him that if he chose to go to trial I would intend to present this 30-year mandatory minimum consecutive sentence to the Grand Jury and I might also consider indicting a cousin of his. He understands that.
>
> I don't think that's intimidation, but I just want the record to be full and completely clear on that because I don't want there to be a later allegation that that wasn't discussed with the Court. I did tell him that those would be my plans.

{J.A. at 83-84}

The Court afterwards inquired: "All right. . . [d]o you understand that, Mr. Medina-Martinez?" To which Medina-Martinez replied "yes." {J.A. at 84}The Court did not review the statement with Medina-Martinez to determine what, if any, impact the Government's position had on his decision to plead guilty.

Neither medina-Martinez nor his appointed counsel objected to either statement or request the District Court to conduct further questioning to determine if either statement affected the voluntariness of the Defendant's guilty plea.

The Court conducted a sentencing hearing on July 30, 2012. {J.A. at 92-104} Although he previously lodged several objections to the Pre-Sentence Report, Medina-Martinez waived all objections at the Sentencing Hearing. {J.A. at 93-95} The Government noted prior to Medina-Martinez waiver of objections, that it had

9

consulted with defense counsel. In doing so both sides reached an agreement that in exchange for waiver of all objections, the United States would agree to a variant sentence in the case reducing Medina-Martinez's sentence by 24 months. {J.A. at 93} The Defense and the Government contended the variance was "primarily at the history and characteristics of the offender under 3553(a)," and, also, "for the sentence imposed to promote respect for the law, to provide just punishment for the offense, and not to create unwarranted sentencing disparities between similarly situated defendants." {J.A. at 98-99}

The Court originally found the Guidelines range for Medina-Martinez's sentence was 168 to 210 months as to count 1 and 60 months imprisonment as to count 4, with such sentences required to run consecutively. {J.A. at 95} The Court granted the variance and sentenced Medina-Martinez to 144 months for count 1 and 60 months as to count 4 for a total sentence of 204 months. {J.A. at 100}.

The District Court filed a judgment on July 31, 2012. {J.A. at 31-35} Medina-Martinez asserts he requested his attorney for file an appeal on his behalf, but she failed to do so. Medina-Martinez filed a notice of appeal with the United States Court of Appeals for the Fourth Circuit. {J.A. at 8, 36-37}

## SUMMARY OF ARGUMENT

The District Court is under an obligation to ensure that Medina-Martinez's guilty plea is voluntary. The United States informed the court, in response to questions directed to the defendant whether anyone had threatened or promised him anything to plead, that it informed him that if he did not plead he would face additional charges with a greater mandatory minimum sentence. The Government also informed the court that it informed Medina-Martinez that it might indict his cousin if he did not plead guilty.

The District Court erred when not expanding its inquiry to determine whether such promises coerced Medina-Martinez to plead guilty, especially in light of no record indicating probable cause existed to find the Defendant's cousin could be criminally charged.

The District Court's error was plain, which affected Medina-Martinez's substantial rights, seriously affecting the fairness of the judicial process.

## ARGUMENT

THE DISTRICT COURT COMMITTED PLAIN ERROR IN FAILING TO
FURTHER INQUIRE WHETHER THE GOVERNMENT'S STATEMENTS
RENDERED MEDINA-MARTINEZ'S GUILTY PLEA INVOLUNTARY

An appellate court reviews alleged errors committed during a Rule 11 hearing, when raised for the first time on appeal, under the plain error standard.

11

United States v. Vonn, 535 U.S. 55 (2002) (applying plain error analysis to Rule 11 error raised for the first time on appeal); United States v. General, 278 F.3d 389, 394-95 (4th Cir. 2007); United States v. Martinez, 277 F.3d 517, 530-34 (4th Cir. 2002). Defendant bears the burden of proof under a plain error review. United States v. Hastings, 134 F.3d 235, 240 (4th Cir. 1998)

    Even if error exists, an appellant court has to first determine whether "to notice" the lower court's plain error. United States v Cedelle, 89 F.3d 181, 184-85 (4th Cir. 1996) The reviewing appellate court engages in a 4-step process to determine whether to reverse for plain error. Those steps are: (1) identify an error; (2) the error is plain; (3) the error affects substantial rights; and (4) "the error seriously affects the fairness, integrity or public reputation of judicial proceedings." United States v. Brewer, 1 F.3d 1430, 1434-35 (4th Cir. 1992) (internal quotations and citations omitted)

    A district court, in conducting a Rule 11 colloquy, must determine that a defendant's guilty plea is voluntary. Rule 11, F.R.Crim.P. Specifically, the rule states: "Before accepting a plea of guilty. . . the court must address the defendant personally in open court and determine that the plea is voluntary and did not result from force, threats, or promises (other than promises in a plea agreement)." Id.

    Medina-Martinez asserts that the District Court committed plain error in failing to conduct further inquiry into the voluntariness of his guilty plea in light of

12

the Government's statements regarding exposure to additional mandatory minimum sentences and the indictment of a relative. That is, the District Court was deficient in failing to inquire whether the threat of a 30-year mandatory minimum sentence on narcotics and firearms violations rendered his guilty plea involuntary. Further, the District Court was equally deficient for failing to conduct additional inquiry based upon statements that if Medina-Martinez did not plead his cousin would be indicted.

     A promise of leniency to a defendant or a third party may be a legitimate bargaining tool in the criminal context.  United States v. DeFusco, 949 F.2d 114, 119 (4th Cir. 1991) In such context, the district court should give special care to determine the voluntariness of the plea. United States v. Morrow, 914 F.2d 608, 613 (4th Cir. 1990) This special care is needed because promise of leniency to a third person "might pose a greater danger of inducing a false guilty plea by skewering the assessment of the risks a defendant must consider." Bordenkircher v. Hayes 434 U.S. 357 (1978).

     The Fourth Circuit has previously warned government officials against using such threats as a bargaining tool in the absence of probable cause against the third party.  See Harmon v. Mohn, 683 F.2d 834 (4th Cir. 1982) In Harmon the court reviewed the voluntariness of a guilty plea where a prosecutor promised to dismiss an indictment against the defendant's wife in exchange for his plea. The court

13

noted that the keystone to its decision was there was probable cause to believe the wife committed a crime based upon an indictment against her. Id. At 837.

However, in the present case there is no information within the record to believe probable cause exists to assert Medina-Martinez's cousin was guilty of a crime. The offer of leniency, while valid in a general context, cannot be supported in the present case based upon the Harmon standard.

As the Harmon Court warned: "courts accepting such pleas [must] examine them carefully to insure that the accused understands the plea agreement and the consequences not only to himself, but to such third persons as may be affected by the plea bargain." Id. At 838.

"If a review of the record indicates that the [district court's] oversight influenced the defendant's decision to plead guilty and impaired his ability to evaluate with eyes open the direct attendant risks of accepting criminal responsibility, then substantial rights were violated." United States v. Goins, 51 F.3d 400, 402-03 (4th Cir. 1995) quoting United States v. Padilla, 23 F.3d 1220, 1222 (7th Cir. 1994) (internal quotes omitted).

Similarly to the current case, in United States v. Damon, 191 F.3d 561 (4th Cir. 1999), the appellate court reviewed a guilty plea where the district court failed to follow-up on a defendant's drug use at the time of the hearing and its affect on his ability to voluntarily plead guilty. In Damon the district court performed its

14

standard Rule 11 plea colloquy. When the district court asked about the defendant's drug use, the defendant admitted he was presently under the influence of drugs. After a brief description of those drugs by defense counsel, the court proceeded with its standard colloquy.

The defendant appealed arguing the court should have further inquired about whether such drug use rendered his plea involuntary. The Fourth Circuit reversed the guilty plea and remanded the case to the district court.

In its analysis the Damon Court noted, Rule 11 was "adopted to standardize the process for accepting guilty pleas in federal court." Id. at 564. Its purpose is two-fold. First, it assists the district court in ensuring the defendant's plea is truly voluntary, and, second, that the plea record is complete to support the determination of voluntariness. Id.

Importantly, the Court wrote:

> The plea colloquy required by Rule 11 must be conducted with some flexibility. If a defendant's response to a court's question indicates the need for clarification, follow-up questions must be asked. Otherwise, the Rule 11 colloquy would be reduced to a formalistic ritual, stripped of its purpose. Thus, when an answer raises questions about the defendant's state of mind, the court must broaden its inquiry to satisfy itself that the plea is being made knowingly and voluntarily.

Id. at 565.

At two points during the plea colloquy the United States informed the Court that it agreed to not seek additional charges against him that would have

15

significantly raised his mandatory minimum sentence. One instance was related to the United States discussing the appellate waiver, while the other was in context of whether anyone had promised or threatened Medina-Martinez with anything. Further, the United States admitted that it also promised Medina-Martinez that it would not seek to indict his cousin if he plead guilty.

Like the district court in <u>Damon</u>, the district court in the present case failed to "broaden its inquiry to satisfy itself that the plea" was voluntary. The court failed to conduct additional inquiry related to both the promise to not seek further charges against Medina-Martinez or charges against his cousin. As previously argued, the charges against the Defendant's cousin is especially troublesome as there is nothing in the record to support the belief that probable cause existed to believe the cousin committed a crime.

The District Court committed an error by not further elucidating whether the guilty plea was voluntary. The error is plain based upon a reading of the plea colloquy in the context of the case law. The error affected Medina-Martinez's substantial rights by rending him guilty of two criminal acts, and because of the lack of voluntariness of the plea the error seriously affects the fairness of the judicial process.

16

## CONCLUSION STATING PRECISE RELIEF SOUGHT

Medina-Martinez respectfully requests this Court to vacate his plea of guilty and to remand to the District Court for further proceedings.

## REQUEST FOR ORAL ARGUMENT

Medina-Martinez respectfully requests oral argument in the above-titled case.

## CERTIFICATION OF COMPLANCE

1. This brief has been prepared using Fourteen point, proportionally spaced, serif typeface utilizing Word for Mac 2011, Times New Roman, 14 point.

2. EXCLUSIVE of the corporate disclosure statement; table of contents; table of citations; statement with respect to oral argument; any addendum containing statutes, rules or regulations; and the certificate of service, the brief containing: 16 Number of pages.

I understand that a material misrepresentation can result in the Court's striking the brief and imposing sanctions. If the Court so directs, I will provide an electronic version of the brief and/or copy of the word or line print out.

<u>August 20, 2013</u>                                                        <u>S/ TODD HAGINS</u>
Date                                                                                  Signature of Filing Party

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of August 2013, I filed with the Clerk's Office of the United States Court of Appeals for the Fourth Circuit the required copies of this Brief of Appellant and further certify that I mailed this same date the required copies to opposing counsel.

S/ Todd Hagins

Todd Hagins
The Hagins Law Firm, LLC
701 Gervais Street, Suite 150-116
Columbia, SC 29201
803.200.1060
todd@haginslaw.com
